**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

*Attorneys for Plaintiff, Individually and on behalf of all others similarly situated*

| | |
|---|---|
| Erasmo Canela Cruz, on behalf of himself and all other persons similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>1239 Food Corp. d/b/a Key Food Supermarkets, and Ruben Luna,<br><br>*Defendants.* | **Docket No. 1:26-cv-09378**<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION**<br><br>**CLASS ACTION** |

Plaintiff Erasmo Canela Cruz (hereinafter, "Plaintiff"), by and through his undersigned attorneys, for his complaint against defendants 1239 Food Corp. d/b/a Key Food Supermarkets, and Ruben Luna (hereinafter collectively, "Defendants"), alleges as follows on behalf of himself and all other persons similarly situated:

## NATURE OF THE ACTION

1. Plaintiff, on behalf of himself and all other persons similarly situated, current and former employees of Defendants, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges that he is entitled to

recover from Defendants, jointly and severally: (i) compensation for unpaid wages for overtime work for which he did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the Defendants' violations were willful and lacked a good faith basis.

2. Plaintiff further complains that he is entitled to recover from Defendants: (i) back wages for unpaid minimum wage, and overtime premium for overtime work, each of which Defendants willfully failed to pay as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to the NYLL for these violations; and (iii) statutory damages for the Defendants' violations of the Wage Theft Prevention Act, each of which violations caused Plaintiff financial harm.

**PARTIES**

3. Plaintiff Erasmo Canela Cruz is an adult individual, residing in New York, New York.

4. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5. At all times relevant herein, 1239 Food Corp. d/b/a Key Food Supermarkets has been a domestic business company organized under the laws of the State of New York with a principal place of business at 1239 St. Nicholas Ave, New York, New York 10032 (hereinafter, "1239 Food Corp.").

6. At all times relevant herein, defendant 1239 Food Corp. has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, defendant 1239 Food Corp. has had gross revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, defendant 1239 Food Corp. has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

9. Defendant Ruben Luna is an adult individual, residing in this district, and is an owner or part owner and principal of 1239 Food Corp., and/or a manager of the business who has/had the power to hire and fire employees, set wages and work schedules, and maintain their records, including those of Plaintiff (hereinafter, "Defendant Luna").

10. At all times relevant herein, Defendant Luna has been involved in the day-to-day operations of 1239 Food Corp. and played active role in managing the business, scheduling, supervising and paying Plaintiff during his employment by Defendants.

11. At all relevant times herein, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## COLLECTIVE ACTION ALLEGATIONS

15. Pursuant to 29 U.S.C. § 206 and § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by Defendants in the United States at any time since October 26, 2023, to the entry of judgment in this case (the "Collective Action Period"), who were supermarket employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

16. The Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendants as non-exempt employees and were denied payment at the statutory minimum wage

and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

17. The Collective Action Members are further similarly situated to Plaintiff in that Defendants had a policy and practice of knowingly and willfully refusing to pay their employees the minimum wage and/or overtime compensation.

18. Plaintiff and the Collective Action Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by Defendants.

19. Defendants suffered and permitted Plaintiff, and the Collective Action Members to regularly work more than forty hours per week without appropriate overtime compensation.

20. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

21. Defendants had knowledge that Plaintiff and the Collective Action Members regularly performed work requiring overtime pay.

22. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Action Members.

23. The exact number of such individuals is presently unknown but is known by Defendants and can be ascertained through appropriate discovery.

**CLASS ACTION ALLEGATIONS**

24. Plaintiff brings his applicable state law claims pursuant

to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

25. All said persons, including Plaintiff, are referred to herein as the "Class" or "Class Members".

26. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

**Numerosity**

27. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their Claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of Defendants, upon information and belief, there are over forty (40) members in the class.

**Commonality**

28. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class

Members, including:

a. Whether Defendants employed Plaintiff and the Class Members within the meaning of applicable state law;

b. Whether Plaintiff and Class Members are entitled to be paid overtime under the applicable state labor law;

c. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class minimum wage and overtime compensation at the rates as required by the New York Labor Law or similarly applicable labor laws of other states;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

e. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Rule 23 Class's start of employment and/or timely thereafter;

f. Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken toward the minimum wage and/or overtime to Plaintiff and Rule 23 Class on each payday; and

g. At what common rate, or rates subject to common method of calculation were and are Defendants required to pay the Class members for their work.

**Typicality**

29. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay applicable minimum wage and overtime premium. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

**Adequacy**

30. Plaintiff can fairly and adequately protect the interests of the Class Members and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing plaintiff in both class actions and wage and hour employment litigation cases.

**Superiority**

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interest through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

32. Upon information and belief, Defendants and other employers throughout the nation violate applicable state labor laws. Current employees are often afraid to assert their rights out fear of direct or indirect retaliation. Former employees are fearful of

bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint with a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**FACTS**

33. At all relevant times herein, Defendants owned and operated a supermarket located at 1239 St. Nicholas Ave, New York, New York, doing business under the name Key Food Supermarkets.

34. Plaintiff was employed by Defendants at Key Food Supermarkets from approximately March 2026 to September 2026, doing delivery.

35. Plaintiff's work at Key Food Supermarkets was performed in the normal course of Defendants' business, was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

36. At all relevant times herein, while employed at Key Food Supermarkets, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

37. From March 2026 until September 2026, Plaintiff worked a regular schedule of 6 days a week: Tuesday, Wednesday, Thursday, Friday, Saturday, and Sunday, from 10:00 a.m. to 8:00 p.m.; totaling approximately 60 hours per week; with Monday off.

38. During his employment at Key Food Supermarkets, Plaintiff

was paid weekly by check as follows, a weekly flat fee of $300.

39. As a result, during his employment with Defendants, Plaintiff's effective hourly rate of pay was below the applicable New York State minimum wage in effect at relevant times.

40. Defendants' failure to pay Plaintiff an amount at least equal to the applicable New York State minimum wage in effect during relevant time periods was willful and lacked a good faith basis, because Defendants set Plaintiff's work schedule and compensation, and were aware that he was not compensated at the applicable New York State minimum wage, during his employment with Defendants.

41. Defendants also failed to pay Plaintiff any overtime compensation at least equal to one-and-one-half (1.5) times the greater of Plaintiff's regular rate of pay or the applicable New York State minimum wage in effect for all hours he worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

42. Defendants' failure to pay Plaintiff the overtime premium for additional overtime hours he worked was willful and lacked a good faith basis, because Defendants set Plaintiff's work schedule and rate of pay, directly paid him, and therefore were aware that he was working in excess of forty hours per week, and that he was not compensated at the lawful overtime rate, during his employment with Defendants.

43. During his employment by Defendants Plaintiff received no

paystubs and/or wage statements of any sort with his pay, which caused him financial harm as a result of him not being informed of the actual amount he was paid on an hourly basis, and the lawfully applicable rates of pay owed him at all relevant times herein.

44. Defendants also failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act - including, inter alia, the Defendants' contact information, the regular and overtime rates, and intended allowances claimed - and failed to obtain Plaintiff's signature acknowledging the same, upon Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time, causing him financial harm resulting from him not being informed of the actual amount he was paid on an hourly basis and the lawfully applicable rates of pay owed him at all relevant times herein.

45. Defendants failed to provide Plaintiff with the records reflecting his compensation and hours worked during his employment by Defendants, in violation of the Wage Theft Prevention Act causing him financial harm resulting from him not being informed of the actual amount he was paid on an hourly basis and the lawfully applicable rates of pay owed him at all relevant times herein.

46. Upon information and belief, throughout Plaintiff's employment, both before that time (throughout the Collective Action Period) and continuing until today, Defendants have likewise employed other individuals like Plaintiff (the "Collective Action Members") in positions at the Defendants' supermarket that required

little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

47. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

48. Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

49. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

50. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

51. Upon information and belief, while Defendants employed Plaintiff and the Collective Action Members, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

52. Upon information and belief, while Defendants employed Plaintiff and the Collective Action Members, and through all relevant

time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

53. This failure caused Plaintiff Gonzalez financial harm resulting from his not being informed as required by law of the applicable regular and overtime rates of pay due to him from Defendants.

**COUNT I**
**Violations of the Fair Labor Standards Act**
**(Failure to Pay Overtime Compensation)**

54. Plaintiff, on behalf of himself and all FLSA Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

55. At all relevant times, Defendants employed Plaintiff and each of the Collective Action and Class Members within the meaning of the FLSA.

56. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees, including Plaintiff and the Collective Action and Class Members, for hours they worked in excess of forty hours per workweek, at rates at least equal to one-and-one-half (1.5) times the greater of their regular rate of pay or the applicable New York State minimum wage in effect for each of the hours they worked in excess of forty hours per workweek.

57. As a result of Defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action and Class Members, at the lawful overtime rate of pay for each hour of work performed in excess of forty hours per workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

58. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260, because Defendants set Plaintiff's and the Collective Action and Class Members' work schedule and rates of pay, paid them, and therefore were aware that they were working in excess of forty hours per week, and were not compensated at the lawful overtime rate, during their employment with Defendants.

59. Due to the Defendants' FLSA violations, Plaintiff and the Collective Action and Class Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**COUNT II**

**Violations of New York Labor Law**

**(Failure to Pay Overtime Compensation)**

60. Plaintiff, on behalf of himself and all FLSA Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again

herein.

61. At all relevant times, Plaintiff and each of the Collective Action and Class Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

62. Defendants willfully violated Plaintiff's and the Collective Action and Class Members' rights by failing to pay them overtime compensation at rates at least equal to one-and-one-half (1.5) times the greater of their regular rate of pay or the applicable New York State minimum wage in effect for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

63. Defendants' failure to pay Plaintiff and the Collective Action and Class Members their overtime compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because Defendants set their work schedule and rate of pay, paid them, and therefore were aware that they were working in excess of forty hours per week, and that they were not compensated at the lawful overtime rate, during their employment with Defendants.

64. Due to the Defendants' New York Labor Law violations, Plaintiff and the Collective Action and Class Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT III**
**Violations of New York Labor Law**
**(Failure to Pay Minimum Wage)**

65. Plaintiff, on behalf of himself and all FLSA Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

66. At all relevant times, Plaintiff and each of the Collective Action and Class Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

67. Defendants willfully violated Plaintiff's and each of the Collective Action and Class Members' rights by failing to pay them the lawfully required hourly rate at least equal to applicable New York State minimum wage in violation of the New York Labor Law §§ 190-199, 652, and its supporting regulations, including the New York State Miscellaneous Industries and Occupations Wage Order.

68. Defendants' failure to pay Plaintiff and each of the Collective Action and Class Members the lawfully required minimum hourly rate was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because Defendants set their work schedule and rates of pay, paid them, and therefore were aware that they were not compensated at the applicable statutory minimum wage during their employment by Defendants.

69. Due to the Defendants' New York Labor Law violations,

Plaintiff and the Collective Action and Class Members are entitled to recover from Defendants their unpaid minimum wage compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV**

**Violations of New York Labor Law - Wage Theft Prevention Act (Failure to Provide Wage Notices / Wage Statements / Notice at the Time of Hiring and Failure to Maintain Time and Compensation Records)**

70. Plaintiff, on behalf of himself and all FLSA Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

71. At all relevant times herein, Plaintiff and each of the Collective Action and Class Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

72. Defendants willfully violated Plaintiff's and the Collective Action and Class Members' rights by failing to provide them with the wage notices and statements of any sort required by the Wage Theft Prevention Act when they were hired, or at any time thereafter, causing financial harm to Plaintiff and the Collective Action and Class Members by preventing them being aware of, informed of and from receiving their lawfully owed compensation including minimum wage and overtime premium.

73. Defendants have continued to willfully violate Plaintiff's

and the Collective Action and Class Members' rights by failing to provide them with weekly wage statements regarding their overtime pay, required by the Wage Theft Prevention Act at any time during their employment, causing financial harm to Plaintiff and the Collective Action and Class Members by preventing them from receiving their lawfully owed compensation including overtime premium.

74. Due to the Defendants' New York Labor Law violations relating to the failure to provide paystubs, and the resulting financial harm caused, Plaintiff and each of the Collective Action and Class Members are entitled to recover from Defendants statutory damages of $250 per day, for each day of their employment by Defendants, up to the maximum statutory damages.

75. Due to the Defendants' New York Labor Law violations relating to the failure to provide wage notices, and the resulting financial harm caused, Plaintiff and each of the Collective Action and Class Members are entitled to recover from Defendants statutory damages of $50 per day for each day of their employment by Defendants, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Designation of this action as a collective and class action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all

similarly situated members of an FLSA Opt-In Class, and Class pursuant to Fed. R. Civ. P. 23, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective and Class Action Members;

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

C. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

D. A compensatory award of unpaid minimum wage compensation, at the applicable statutory rate, due under the New York Labor Law.

E. A compensatory award of unpaid overtime compensation, at the statutory overtime premium rate, due under the FLSA and the New York Labor Law;

F. An award of liquidated damages as a result of the Defendants' willful failure to pay the applicable minimum wage and overtime compensation pursuant to 29 U.S.C. §216;

G. An award of liquidated damages for the Defendants' New York Labor Law violations;

H. An award of statutory damages for the Defendants' violation of the New York Wage Theft Prevention Act;

I. Back pay;

J. Punitive damages;

K. An award of prejudgment and post-judgment interest;

L. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

M. Such other, further, and different relief as this Court deems just and proper.

Dated: October 27, 2026
New York, New York

By: *__/s/ Michael Samuel__*
Michael Samuel, Esq. (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
*Attorneys for Plaintiff,*
*Individually and on behalf of an*
*FLSA collective and class action*